UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT E. HOWELL,

      Plaintiff,

v.                        CASE No. 8:10-CV-2175-T-26TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because, among other things, the decision of the Commissioner of Social Security does not contain an adequate credibility determination, I recommend that the Commissioner's decision be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty-three years old at the time of the administrative decision and who has the equivalent of a high school

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

education, has worked as a gas appliance servicer, heating and air conditioning installer-servicer, and building maintenance repairer (Tr. 56). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to injuries to the neck and lower back, and high blood pressure (Tr. 156). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of post-concussive syndrome, degenerative disc disease, chronic neck pain, low back pain, anxiety, and depression (Tr. 25). He concluded that these impairments restricted the plaintiff as follows (Tr. 39):

> [T]he undersigned finds that the claimant has the
> residual functional capacity to perform a range of
> light work as defined in 20 CFR 404.1567(b) and
> 416.967(b). He can lift and carry 20 pounds
> occasionally and 10 pounds frequently with no
> lifting above shoulder level. He can occasionally
> bend, crouch, and kneel. The claimant can
> occasionally climb stairs but can never climb ropes,
> ladders, or scaffolds. He must avoid tasks which
> require him to turn his head from side to side. The
> claimant can not push or pull with either his upper
> or lower extremities. He must avoid fumes and
> humidity. Further, the claimant is limited to
> working with objects not people. He requires work

of a slow to moderate pace that does not require
him to be about the general public, coworkers, or
supervisors.

The law judge determined that these limitations prevented the plaintiff from returning to past work (Tr. 31). However, pointing to the testimony of a vocational expert, the law judge found that there was other work that exists in significant numbers in the national economy that the plaintiff could perform, such as office helper, ticket taker, and cashier II (Tr. 33). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 34). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

On March 22, 2005, the plaintiff was struck on the head by a hammer that had fallen from a height of three or four stories at his workplace (Tr. 259, 308).  The plaintiff, who was not wearing a hard hat, was knocked unconscious and suffered a laceration to the forehead (Tr. 260).  In the months after the accident, scans were run on his brain, neck, and back, and the plaintiff was eventually diagnosed with post-concussive syndrome and dementia (Tr. 611).  Additionally, CT scans and MRIs of his neck and back

revealed severe preexisting cervical and lumbar problems, including degenerative disc disease, spondylosis, herniation, and bulging discs (Tr. 282, 300, 360, 402).

The law judge, as indicated, found that the plaintiff had severe impairments of post-concussive syndrome, degenerative disc disease, chronic neck pain, low back pain, anxiety, and depression (Tr. 25). He concluded that, despite these impairments, the plaintiff could perform a range of light work and was not disabled.

The law judge's decision, however, is seriously flawed. Thus, the law judge provided only a cursory statement of the evidence in the 706-page administrative transcript; he set forth no meaningful evaluation of that evidence; and, most significantly, he did not articulate an adequate credibility determination. These flaws have prompted the plaintiff to challenge the administrative decision on seven grounds. While not all of these grounds warrant reversal, the challenge to the credibility determination clearly does.

The law judge was required to assess the plaintiff's subjective complaints under the Eleventh Circuit's pain standard. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the

pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In this case, the law judge merely stated (Tr. 29):

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

This type of boilerplate language is regularly seen in Social Security cases. However, it is usually followed by a more detailed

explanation.  When it is not, I have reversed, or recommended reversal, due to an inadequate credibility determination.  For example, virtually the same wording was used in <u>McKinney</u> v. <u>Astrue</u>, 2010 WL 149826 at *3 (M.D. Fla. 2010), and in <u>Mai</u> v. <u>Astrue</u>, 2008 WL 398985 at *3 (M.D. Fla. 2008), and held to be an inadequate credibility determination constituting reversible error.  <u>See</u> also, <u>e.g.</u>, <u>Tolley</u> v. <u>Barnhart</u>, Case No. 8:05-CV-420-T-27TGW (Doc. 15, p. 7).  In fact, you and I have been down this road before.  Thus, in <u>Cromartie</u> v. <u>Barnhart</u>, Case No. 8:04-CV-322-T-26TGW (Doc.  7, p. 6), I recommended reversal due to a very similar deficiency in the credibility determination, and that report and recommendation was adopted.

In this case, there is no explanation shedding light on the boilerplate statement.  In the absence of a cogent discussion of the credibility determination, the statement is too general to permit meaningful judicial review.  <u>See</u> <u>Marbury</u> v. <u>Sullivan</u>, 957 F.2d 837, 840 n.2 (11th Cir. 1992); <u>Walker</u> v. <u>Bowen</u>, 826 F.2d 996, 1004 (11th Cir. 1987); <u>Ryan</u> v. <u>Heckler</u>, 762 F.2d 939, 942 (11th Cir. 1985).  Furthermore, the statement fails to comply with Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.), which admonishes against such conclusory assertions.

-8-

In addition, in this case the law judge did not even adequately summarize the plaintiff's testimony. Thus, all he said was that, "[a]t the hearing, the claimant testified he experiences a loss of memory, forgetfulness, poor concentration and anxiety" (Tr. 29). In fact, the plaintiff testified to much more than that. The plaintiff stated he regularly has headaches (Tr. 43); he has been diagnosed with dementia (Tr. 45); he has neck problems with a limited range of motion (id.); he has two shattered vertebrae with bone spurs (id.); his neck pain radiates on his left side to his shoulder, arm, and hand (Tr. 46); sitting or standing for very long aggravates his lower back pain (Tr. 47); bright lights and noise cause confusion (id.); due to pain radiating to his hands, he drops things (id.); he has anxiety attacks three times per day and he has to lie down for about one hour to one and one-half hours (Tr. 49); and he can only sit for thirty minutes and stand for twenty to thirty minutes, and could only alternate sitting and standing for one and one-half hours to two hours (Tr. 50). The law judge's failure to even mention these subjective complaints creates a serious question whether they were even evaluated. However, if they were evaluated and rejected, the law judge needed to explain why.

The Commissioner attempts to overcome the absence of a meaningful credibility determination by proposing reasons why the plaintiff's testimony should be discounted (Doc. 15, pp. 14-18).  The argument is not particularly persuasive.  But even if it were, that would make no difference because post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision.  Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010)(unpub. dec.). The responsibility for making credibility determinations is placed with the law judge, and not with the Commissioner's lawyer.  Accordingly, the Commissioner's argument does not remedy the deficient credibility determination.

The plaintiff, citing Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995), asserts that, if a law judge fails clearly to articulate reasons for rejecting the plaintiff's subjective complaints, that evidence must be accepted as true as a matter of law (Doc. 13, p. 18).  That, however, is not the governing principle. There is an earlier line of Eleventh Circuit authority that

holds that, if a credibility determination is inadequate, a remand to the agency for further consideration is the proper remedy.

"Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). Accordingly, when Eleventh Circuit decisions conflict, the earliest one is the one to follow. Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000), cert. denied, 531 U.S. 957 (2000).

The principle that inadequately discounted testimony must be accepted as true was first set forth in MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). MacGregor did, in fact, announce that principle, but provided no case authority (or any other authority) for it. Id. Thus, the principle relied upon by the plaintiff was first announced in April 1986.

Substantially before that date, the Eleventh Circuit and the former Fifth Circuit remanded cases to the agency when there was a failure to provide an adequate credibility determination. See, e.g., Boyd v. Heckler,

704 F.2d 1207, 1211 (11th Cir. 1983); Smith v. Schweiker, 646 F.2d 1075, 1082-83 (5th Cir. 1981).   In fact, a remand to the agency was a course followed even after April 1986 when there was an erroneous credibility determination. See, e.g., Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987); Mason v. Bowen, 791 F.2d 1460 (11th Cir. 1986).   Notably, in Boyd v. Heckler, supra, which was decided in May 1983, the court of appeals not only found that a credibility determination was flawed, but also that the district court had erred in awarding benefits to the plaintiff.   The Eleventh Circuit stated that "[t]he correct procedure would have been to vacate the Secretary's decision and remand the case for further consideration pursuant to Smith v. Schweiker, supra," which set forth principles for evaluating subjective complaints of pain.   That holding, which predates MacGregor, states the correct procedure for this case. The Boyd holding, moreover, is consistent with, and supported by, the basic principle of administrative law that, where Congress entrusts an administrative agency to make a determination, a court is not generally empowered to conduct a de novo inquiry into the matter and reach its own conclusion, but rather, except in rare circumstances, the court should remand the case to the agency for additional investigation or

explanation. <u>Immigration and Naturalization Service</u> v. <u>Ventura</u>, 537 U.S. 12, 16 (2002).

MacGregor not only stated the rule that inadequately evaluated testimony must be accepted as true with respect to subjective complaints, but also with respect to opinions by treating physicians. 786 F.2d at 1053. In <u>Lawton</u> v. <u>Commissioner of Social Security</u>, 2011 WL 2471475 at *4 (11th Cir. 2011)(unpub. dec.), the Eleventh Circuit refused to apply this rule insofar as it involved treating physicians' opinions because earlier circuit decisions had held that the proper course was to remand cases to the agency if there had been an inadequate determination. The same reasoning would apply here.

Accordingly, in light of the law judge's failure to provide a meaningful explanation for his credibility determination, this case should be remanded to the Commissioner for further proceedings.

IV.

The conclusion that the inadequate credibility determination requires a remand makes it unnecessary to decide whether the plaintiff's other contentions warrant reversal. Nevertheless, it is appropriate to mention some

The plaintiff asserts that the law judge erred in addressing the results of a neuropsychological evaluation by Dr. Lynda Gurvitz, a psychologist. The law judge discussed only the positive aspects of Dr. Gurvitz's opinion (Tr. 30), and his summary reflected just a small portion of the ten-page report.[2] The law judge did not mention Dr. Gurvitz's finding that the plaintiff cannot "focus on more than a few bits of information at a time" (Ex. 17F, p. 8). Moreover, the law judge did not refer to Dr. Gurvitz's conclusion that "[f]atigue is a factor in the patient's limited endurance and irritability which affects his performance" (id., p. 10). The law judge also did not acknowledge the following conclusions (id., p. 9):

> [A]lthough the patient's overall intellectual and memory functioning is in the average range, he demonstrates severe psychomotor retardation, mental slowing, significant deficits in endurance, the ability to encode and process complex information when presented with multiple verbal or visual stimuli, impairments in remote and recognition memory and problems with the executive functions of planning and impulse control. These deficits are consistent with a diagnosis of dementia secondary to head trauma.

---

[2] Unfortunately, Dr. Gurvitz's report is not sequentially paginated in the administrative transcript. Accordingly, it will be cited as "Ex. 17F, p. ___."

The law judge purported to assign Dr. Gurvitz's opinion significant weight (Tr. 30). However, he clearly did not do so. Thus, he ignored the negative portions of Dr. Gurvitz's evaluation. His brief statement of Dr. Gurvitz's report was not a fair characterization of her findings and conclusions. This error also seems to warrant reversal.

The plaintiff similarly contends that the law judge did not adequately evaluate the evidence from Dr. Diana L. Pollock, the plaintiff's treating neurologist. While the law judge's discussion of Dr. Pollock's evidence does not set forth the evidence in detail, that circumstance does not appear to support reversal.

The plaintiff complains in particular that the law judge failed to consider a part-time work restriction stated by Dr. Pollock (Doc. 13, p. 13). Thus, Dr. Pollock opined in an office note dated October 25, 2006, that the plaintiff "is considered okay only for light duty at this time which would be working four hours a day in a nonstressful sedentary position that does not require much in the way of concentration" (Tr. 684). However, Dr. Pollock, at a March 16, 2009, visit, noted that the plaintiff's post-concussive syndrome

has "mostly resolved" (Tr. 705), and set forth the generally normal findings summarized by the law judge.

In light of the plaintiff's challenge, the Commissioner, on remand, would be well advised to address the limitation to part-time work. Further, the Commissioner, on remand, should discuss the 36% impairment rating Dr. Pollock assigned in January 2008 (Tr. 672), which was another item of evidence the law judge did not mention.

The plaintiff also challenges the law judge's handling of medical reports from Dr. Melissa Trimmer, an examining psychologist, and Dr. Jack M. Lipps, an examining physician. Neither challenge is persuasive since neither demonstrates reversible error by the law judge.

Similarly meritless is the plaintiff's complaint that the law judge failed to consider a functional capacity evaluation at CORA Rehabilitation Clinics. Not only was that assessment performed by an occupational therapist, who is not an acceptable medical source under the regulations, 20 C.F.R. 404.1513(a), 466.913(a), but the evaluation was performed six months before the plaintiff's alleged onset of disability date (Tr. 311).

Finally, the plaintiff challenges the hypothetical questions to the vocational expert. Unquestionably, the hypothetical questioning was poorly done. The dispositive question did not match the plaintiff's residual functional capacity, although it arguably is more restrictive than the residual functional capacity (compare Tr. 27, 56-57). Furthermore, the law judge ruled that the plaintiff could perform three jobs, whereas the expert only identified one of those jobs as responsive to the dispositive question (compare Tr. 33, 57). Obviously, on remand more care is required in determining, based upon the testimony of a vocational expert, whether jobs exist in the national economy that the plaintiff can perform. Further discussion of this issue is not justified because on remand the plaintiff's residual functional capacity may change.

V.

In sum, the decision of the Commissioner, overall, was inadequate. In particular, the failure to articulate a meaningful credibility determination constitutes reversible error. I, therefore, recommend that the decision be reversed and the case remanded for further proceedings.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 16, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).